**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4512**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

        v.

GERALD WAYNE TIMMS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:15-cr-00169-BO-1)

Submitted: April 20, 2017                         Decided: April 24, 2017

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Wayne Timms appeals his conviction for possession of contraband in prison, in violation of 18 U.S.C. § 1791 (2012). Timms contends that his conviction was improper, because as a civil detainee under the Adam Walsh Act, 18 U.S.C. § 4248 (2012), he was not an "inmate" under the meaning of § 1791. Timms argues that "inmates" are held in the custody of the Bureau of Prisons, while Adam Walsh detainees are in the custody of the Attorney General. We affirm.

Section 1791 prohibits an "inmate of a prison" from possessing a prohibited object. 18 U.S.C. § 1791(a)(2). While "inmate" is not specifically defined, "prison" is defined as "a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." 18 U.S.C. § 1791(d)(4). Adam Walsh Act detainees are committed to the custody of the Attorney General. 18 U.S.C. § 4248(d). Thus, we find that Timms is an inmate under the meaning of § 1791. *See* 28 C.F.R. § 500.1(c) (including "detainees" and other "persons held" in the definition of "inmate" in Bureau of Prisons regulation); *see also United States v. Savage*, 737 F.3d 304, 309 (4th Cir. 2013) (noting that, "for purposes of § 4248, there is no substantive difference between vesting legal custody in the Attorney General and legal custody in the [Bureau of Prisons]").

Accordingly, we affirm Timms' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*